**ANTONIO K. KIZZIE, ESQ. (SBN 279719)**
*akizzie@kizziefirm.com*
**THE KIZZIE FIRM, APC**
1732 Aviation Blvd., #226
Redondo Beach, CA 90278
Telephone: (310) 388-9977
Facsimile: (310) 365-1957

Attorney for Plaintiff, BARBARA POTTER, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA POTTER, an individual,<br><br>    *Plaintiff,*<br><br>vs.<br><br>SONY MUSIC PUBLISHING, LLC, a Delaware limited liability company, UNIVERSAL MUSIC GROUP, INC., a Delaware corporation, UNIVERSAL MUSIC PUBLISHING, INC., a California corporation, BROADCAST MUSIC, INC., a Delaware corporation, and DOES 1-10, Inclusive,<br><br>    *Defendants.* | CASE NO.:<br><br>**ORIGINAL COMPLAINT FOR DAMAGES**<br><br>1. **COPYRIGHT INFRINGEMENT**<br>2. **BREACH OF CONTRACT**<br>3. **FINANCIAL ELDER ABUSE**<br>4. **ACCOUNTING**<br>5. **DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

**COMPLAINT FOR DAMAGES**

COMES NOW plaintiff, BARBARA POTTER, an individual, ("POTTER" or "PLAINTIFF") who alleges as follows:

**NATURE OF THE ACTION**

1. Potter, a woman over the age of 65, is heir to 1/6th of the estate of the late, great Motown producer and songwriter CLARENCE OTTO PAULING p.k.a. CLARENCE PAUL or CLARENCE O. PAUL ("PAUL"). For decades, Paul wrote and produced nearly two-hundred (200) songs for Motown artists such as Stevie Wonder, among others ("MUSICAL WORKS," collectively).

2. At all times relevant herein, Defendants SONY MUSIC PUBLISHING, LLC ("SONY MUSIC"), a Delaware limited liability company, UNIVERSAL MUSIC GROUP, INC. ("UMG"), a Delaware corporation, UNIVERSAL MUSIC PUBLISHING, INC. ("UMP"), a California corporation, BROADCAST MUSIC, INC. ("BMI"), a Delaware corporation, and DOES 1-10, inclusive (collectively, "DEFENDANTS") in exchange for Paul's copyrights to the musical works and exclusive rights to serve as publishers for the musical works, had the legal, contractual, and moral duty, obligation, and responsibility to promote, account, document, monitor the usage of, and collect royalties for the licensing use of the musical works, and timely distribute royalties and accounting statements to Potter as a member of Paul's estate.

3.      Potter brings this copyright infringement, failure to pay royalties, breach of contract, accounting, and financial elder abuse action against Defendants to address the past and ongoing willful infringement through, in part, a willful failure to pay royalties and provide accountings of Paul's musical works to Potter and Paul's estate. Through this action, Potter seeks general, special, compensatory, punitive, and statutory damages from Defendants, in addition to reasonable attorney's fees and costs of suit.

## JURISDICTION AND VENUE

4.      This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

5.      This Court has exclusive jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 in that this action involves claims arising under the Copyright Act.

6.      The Court has personal jurisdiction over the Defendants because each of them is domiciled in and/or regularly transacts or solicits business in the State of California.

7.      Venue in this District is proper under 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District.

## PARTIES

8.      Potter is a resident of Los Angeles, California.

9.     At all relevant times herein, Defendant SONY MUSIC PUBLISHING, LLC was a Delaware limited liability company duly authorized, existing, and doing business in and under the laws of the State of California. At all times herein mentioned, Defendant SONY MUSIC had possessed the information, power, rights, obligation, and authority to monitor, collect, account, pay royalties on and provide accountings of the exploitation of Paul's musical works to Potter.

10.     At all relevant times herein, Defendant UNIVERSAL MUSIC GROUP, INC. was a Delaware corporation duly authorized, existing, and doing business in and under the laws of the State of California. Upon information and belief, at all times herein mentioned Defendant UMG possessed the information, power, rights, duty, obligation, and authority to monitor, collect, account, pay royalties on and provide accountings of the exploitation of Paul's musical works to Potter.

11.     At all relevant times herein, Defendant UNIVERSAL MUSIC PUBLISHING, INC. was a California corporation duly authorized, existing, and doing business in and under the laws of the State of California. Upon information and belief, at all times herein mentioned Defendant UMP possessed the information, power, rights, duty, obligation, and authority to monitor, collect, account, pay royalties and provide accountings of the exploitation of Paul's musical works to Potter.

1    12.    At all relevant times herein, Defendant BROADCAST MUSIC, INC.

2  was a Delaware corporation duly authorized, existing, and doing business in and

3  under the laws of the State of California. Upon information and belief, at all times

4  herein mentioned Defendant BMI possessed the information, power, rights, duty,

5  obligation, and authority to monitor, collect, account, pay royalties and provide

6  accountings of the exploitation of Paul's musical works to Potter.

7    13.    At all times mentioned herein and material hereto, Defendant DOES

8  1-10, individuals, ("DOE Defendants") were employees, parent companies, agents,

9  subsidiaries, or representatives of Defendants, who were acting in the course and

10  scope of their employment in and under the laws of the State of California all times

11  relevant to the acts and omissions herein alleged. Upon information and belief, at

12  all times herein mentioned DOE Defendants possessed the information, power,

13  duty, obligation, and authority to collect, account, pay royalties and provide

14  accountings of the exploitation of Paul's musical works to Potter.

15    14.    Plaintiff is unaware of the true names and capacities of those

16  Defendants named herein as DOE Defendants. Plaintiff will seek leave to amend

17  this Complaint to allege said DOE Defendants' true names and capacities when

18  that information becomes known to her. Plaintiff is informed, believes, and thereon

19  alleges that these DOE Defendants are legally responsible and liable for the

20  incident, injuries, and damages hereinafter set forth, and that each of said DOE

Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.

15.    Plaintiff has timely complied with all relevant and applicable statutes of limitations to assert the herein causes of action against the herein Defendants.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

16.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17.    Clarence Otto Pauling, professionally known as Clarence Paul / Clarence O. Paul ("PAUL"), was an American songwriter and record producer, who was best known for his career with Detroit's Motown Records.

18.    Born in 1928 in Winston-Salem, North Carolina, Paul moved to Detroit in the 1950s, and became one of the original writers and producers at Motown. In 1958, Paul received one of his first major songwriting credits when he co-wrote and recorded, "I Need Your Lovin," which became a top 20 rhythm & blues hit for singer Roy Hamilton.

19.     While at Motown, Paul gained notoriety as "young" Stevie Wonder's ("Wonder") mentor and main producer during Wonder's teenage years. Of note, Paul co-wrote Wonder's first hit song, "Fingertips" (1963), and sang backup vocals on Wonder's top-ten version of "Blowin' in the Wind" by Bob Dylan and "Funny How Time Slips Away."

20.     Paul also produced early Temptations records, and wrote, co-wrote, produced, and/or co-produced such hits as "Until You Come Back to Me (That's What I'm Gonna Do)" by Aretha Franklin, "Hitch Hike," "Purple Snowflakes," "Once Upon a Time," "What's the Matter with You Baby" by Marvin Gaye, "Hey Love," "All I Do Is Think About You," "A Place in the Sun," and "La La La La La La" by Stevie Wonder.

21.     During Paul's life and career, he wrote over 200 songs and amassed over 1,200+ musical credits. [1] [2]

---

[1] BMI website listing the "song view" of Clarence Paul:
https://repertoire.bmi.com/Search/Search?Main_Search_Text=clarence%20paul&Main_Search=Catalog&Search_Type=all&View_Count=100&Page_Number=1&Part_Type=WriterList&Part_Id=VEhxKwt0r7P66%252bR3v9Qxhw%253d%253d&Part_Id_Sub=YO0HedHMatLb45JzS23DVw%253d%253d&Part_Cae=7Dat8dmFYPCbFBk6NZn69w%253d%253d&Original_Search=Writer%2FComposer

[2] Discogs website listin 1,215 credits for "Clarence Paul":
https://www.discogs.com/artist/284970-Clarence-Paul?superFilter=Credits&searchParam=Place

22.     During Paul's life and career, Defendants SONY MUSIC, UMG, UMP, and/or BMI and DOES 1-10 became publishers of Paul's musical works with the legal, contractual (either in writing or implied in fact through conduct), and moral duties and obligations to monitor the exploitation of Paul's musical works, collect, account, and pay royalties to Paul and his future heirs.

23.     Paul relocated to Los Angeles in the early 1970s, and passed away on May 6, 1995 with six (6) children as his heirs, one of whom was named Jeffrey Potter ("Jeffrey"). Upon Paul's passing in 1995, Jeffrey, became heir to 1/6th of Paul's estate, and would periodically receive royalties from Defendants.

24.     Jeffery and Barbara Potter became married on May 30, 1980 in California. Jeffrey passed away on January 17, 2018. Upon Jeffrey's passing, Potter became heir to 1/6th of Paul's estate as Jeffrey's lawful spouse and estate.

25.     As to Defendant Sony Music, upon Jeffrey's death Potter became payee on Paul Sony accounts # 1392701, 1392702, 1392703, 1392704, and 1436096 under "Client No." 1619085, 10832821, 1094587, 1083822, 1035284, 1083820, and 1014051 (Hereinafter "Sony Music Accounts," collectively). As a result, Potter became entitled to receive royalties and accounting statements from Defendant Sony Music for Paul's musical works as of January 17, 2018. Upon information and belief Potter has been erroneously underpaid, not paid, and/or excluded as a payee from the aforementioned Sony Music accounts and/or other

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

8

unknown Sony Music accounts administering Paul's musical works, which serves as the basis of this action.

26.    As to UMG and UMP, Potter became Payee No. 01341896 // Vendor No. 3165017 to UMG/UMP Accounts No. 67341896, 66341896, 68341896, 69341896, 70341896, 71341896, 72341896, 73341896, 74341896, 75341896, 76341896, 77341896, 78341896, 79341896, 80341896 ("UMG/UMP accounts") for 1/6th of Paul's royalties for the musical works. As a result, Potter became entitled to receive royalties and accounting statements from Defendants UMG and UMP as of January 17, 2018. Upon information and belief Potter has been erroneously paid, not paid, and/or excluded as a payee from the aforementioned UMG/UMP accounts and/or other unknown UMG/UMP accounts administering Paul's musical works, which serves as the basis of this action.

27.    As to Defendant BMI, Potter became payee on accounts regarding Paul's musical works ("BMI accounts). As a result, Potter became entitled to receive royalties and accounting from Defendant BMI as of January 17, 2018. Upon information and belief Potter has been erroneously paid, not paid, and/or excluded as a payee from BMI accounts and/or other unknown BMI accounts administering Paul's musical works, which serves as the basis of this action.

28.    Starting in 2018, Defendant Sony Music's royalty payments to Potter were approximately $5,000 or so a year.

29.     However, in 2022 and over an 18 month period, Potter received over $43,000 in royalty payments from Sony Music for Sync Licensing payments on Paul's songs. These temporary big bumps in Potter's royalty payments were because of sync licensing fees paid for the use of Paul's song, sung by Stevie Wonder, "La La La La La La" in a "Fruit of the Loom" commercial in Europe, and another sync licensing payment for Paul's song, sung by Stevie Wonder, "Fingertips" in the Universal motion picture, "Nope" written, directed, and produced by director Jordan Peele.

30.     Once these sizeable checks came in 2022, Potter started to investigate what other popular songs Paul wrote, and whether Defendants were correctly and appropriately collecting, accounting for, and paying royalties to her and Paul's other heirs for these musical works, in particular Paul's major hits "Hey Love" and "All I Do Is Think of You" by Stevie Wonder and "Until You Come Back To Me (That's What I'm Gonna Do)" by Aretha Franklin.

31.     During Potter's investigation, she discovered that Defendants, in particular Sony Music, was not paying and did not pay her royalties on seventy-one (71) of Paul's musical works, including Paul's major hits "Hey Love" and "All I Do Is Think of You" by Stevie Wonder and "Until You Come Back To Me (That's What I'm Gonna Do)" by Aretha Franklin since Jeffrey's death in 2018.

32.     Upon information and belief, Defendants did not and have not been paying Potter and Paul's five (5) other heirs' royalties on Paul's seventy-one (71) missing musical works, including Paul's major hits "Hey Love" and "All I Do Is Think of You" by Stevie Wonder and "Until You Come Back To Me (That's What I'm Gonna Do)" by Aretha Franklin since Paul's death in May 1995.

33.     When Potter first brought this discrepancy to Defendant Sony Music's attention via email on March 9, 2022, she inquired if Defendant Sony Music had Paul registered in their catalog as a writer on "Hey Love," "All I Do Is Think of You," and "Until You Come Back To Me (That's What I'm Gonna Do)." Potter's March 9, 2022 correspondence also provided Sony Music with or requested the follow information, among other things:

a.     A link to Paul's 196 songs on BMI;

b.     Inquired regarding who pays royalties to Paul's estate from Chaka Khan's song, "I Feel For You," which samples "Fingertips 2," also written by Paul;

c.     Inquired regarding whether all of the 196 songs that Paul wrote or co-wrote as reflected in BMI's database are also listed in Paul's Sony Music catalog account; and

d.     Inquired regarding who is now administering or paying royalties from Jobete Music Co. ("JOBETE"), which paid Paul royalties from 1996

to 1998, and whether there are any funds that have not been dispersed from old Jobete accounts before their transfer to EMI and then to Defendant Sony Music.

34.     On April 12, 2022, Defendant Sony Music incorrectly responded on that Paul was *not* a co-writer on "Hey Love," "All I Do Is Think of You," and "Until You Come Back To Me (That's What I'm Gonna Do)."

35.     In response, on April 20, 2022, Potter sent Defendant Sony Music proof that Paul was a co-writer on "Hey Love," "All I Do Is Think of You," and "Until You Come Back To Me (That's What I'm Gonna Do)" in the form of screenshots from and/or links to the United State Copyright Office website showing Paul to be a co-writer on the following songs under the following copyright numbers:

a.      "All I Do Is Think About You" – co-written by Clarence Paul, Stevie Wonder, and Morris Broadnax under copyright number PA0000093789.

b.      "Until You Come Back To Me (That's What I'm Gonna Do)" – co-written by Clarence Paul, Stevie Wonder, and Morris Broadnax under copyright number RE0000697377 / 1995-03-01Renewal registration for: EP0000230955 / 1967-05-01; and

c.      "Hey Love" co-written by Clarence Paul under copyright number RE0000678617 /1994-10-13 Renewal registration for: EP0000225683 / 1966-10-15

36.    In response, on April 20, 2022, Potter also requested the following of Defendant Sony Music, in relevant part:

a.      That "Hey Love," "All I Do Is Think of You," and "Until You Come Back To Me (That's What I'm Gonna Do)" be immediately added to Paul's Sony Music account and all appropriate royalty accounts;

b.      Distribution of all back pay on royalties due to Paul's estate, including Potter, for "Hey Love," "All I Do Is Think of You," and "Until You Come Back To Me (That's What I'm Gonna Do)" from 1998 until the present, of which Paul's share was 33.33%;

c.      To add all missing additional songs written by Paul that do not currently appear in his Sony Music catalog;

d.      To distribute royalties to Paul's heirs connected to any of Paul's songs that were previously missing from Sony Music's catalog;

e.      Copies of Paul's royalty statements from 1995 to 1998;

f.      And an update on the inquiry of royalties due, if any, for use of "Fingertips" that was sampled in Chaka Khan's song, "I Feel For You."

37.     On April 21, 2022, Defendant Sony Music responded, in relevant part, that they are "still researching the below songs you mentioned," and "Unfortunately, we are unable to provide the statements you requested from 1993 – 1998."

38.     Despite Potter's repeated inquiries requesting an accounting for and payment of royalties to Paul's estate for the songs that Sony Music had incorrectly failed to list in Paul's catalogs including, but not limited to hits such as, "Hey Love," "All I Do Is Think of You," and "Until You Come Back To Me (That's What I'm Gonna Do)," Defendant Sony Music refused to respond and has been silent.

39.     Further investigation in April and May 2022 of Potter's online SCORE account and royalty statements showed numerous material omissions from Paul's Sony Music catalog. Specifically, Potter identified approximately *seventy (70) musical works* ("Omitted Sony Music Works") that Sony Music had registered on BMI as Paul's musical works, but for which Sony Music had not paid royalties to Potter and Paul's estate on the Sony Music accounts.

40.     Upon information and belief, Defendant Sony Music failed to properly and accurately collect, account, and pay producer and/or writer royalties to Paul's estate and Paul himself on these omitted works and musical works dating back to their respective creation to the present.

41.     Upon information and belief, Defendant Sony Music also failed to properly and accurately collect, account, any pay writing and producer royalties for Paul's musical works to Paul, Paul's estate, and Potter that were included in Sony Music's catalog such as "Purple Snowflakes" by Marvin Gaye. To the extent that such is the case, Potter, as 1/6th of Paul's estate seeks an accounting and payment of all writing and producer royalties due to Paul and his estate from Defendant Sony Music's catalog for all of Paul's included *and* omitted musical works.

42.     Upon information and belief, a list of the seventy (70) omitted Sony Music works written and/or composed by Paul and registered by Stone Agate Music, EMI Longitude, Jobete Music, and Stone Diamond Music Corporation on BMI, but incorrectly excluded from Potter's/Paul's estate's Sony Music catalog and, thus, royalty payments and statements to Potter and Paul's five (5) other heirs by Defendant Sony Music are set forth below in Table 1:

**TABLE 1**

| Title | Writer | Paul Publisher |
|---|---|---|
| "After You Put Back The Pieces I'll Still Have A Broken Heart" | Paul Clarence | Stone Agate Music |
| "Ain't That Asking For Trouble" | Paul Clarence | Stone Agate Music |
| "All I Do Is Think About You" performed by Stevie Wonder | Paul Clarence | Stone Agate Music |
| "Angel Doll" | Paul Clarence | Stone Agate Music |
| "Baby Doll" | Paul Clarence | Stone Agate Music |
| "Before It's Over" | Paul Clarence | Stone Agate Music |
| "Blues S W" | Paul Clarence | Stone Agate Music |
| "Call My Boo" | Paul Clarence | Stone Agate Music |
| "Can't Think" | Paul Clarence | Stone Agate Music |

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

15

| | | |
|---|---|---|
| "Claudia" | Paul Clarence | Stone Agate Music |
| "Doctor of Love" | Paul Clarence | Stone Agate Music |
| "Don't Bring Back" | Paul Clarence | Stone Agate Music |
| "Don't Say We're Through" | Paul Clarence | Stone Agate Music |
| "Everybody Needs Somebody" | Paul Clarence | Stone Agate Music |
| "Falling In Love Again" | Paul Clarence | EMI Longitude Music |
| "Favor For A Girl With A Love Sick Heart" | Paul Clarence | Stone Agate Music |
| "Fingertips 2000" | Paul Clarence | Stone Agate Music |
| "Get A Girl" | Paul Clarence | Stone Agate Music |
| "Going Down The Wrong Road" | Paul Clarence | Stone Agate Music |
| "Goodbye Baby" | Paul Clarence | Stone Agate Music |
| "Hai" | Paul Clarence | Stone Agate Music |
| "Hai Love" | Paul Clarence | Stone Agate Music |
| "Hey Love" by Stevie Wonder | Paul Clarence | Stone Agate Music |
| "Hey Love Can I Have A Word" | Paul Clarence | Stone Agate Music |
| "Hey Luv They Call It Luv" | Paul Clarence | Stone Agate Music |
| "Hey Now" | Paul Clarence | Stone Agate Music |
| "Hold Me" | Paul Clarence | Stone Agate Music |
| "Hum A Little Tune" | Paul Clarence | Stone Agate Music |
| "I Can't Help Loving You Baby" | Paul Clarence | Stone Agate Music |
| "I Don't Want Nobody's Gonna Make Me Cry" | Paul Clarence | Stone Agate Music |
| "I Prayed For A Boy Like You" | Paul Clarence | Stone Agate Music |
| "I've Got That Feeling" | Paul Clarence | Stone Agate Music |
| "Jesus Is His Name" | Paul Clarence | Stone Agate Music |
| "Just A Little Misunderstanding" | Paul Clarence | Stone Agate Music |
| "Just Loving You" | Paul Clarence | Stone Agate Music |
| "Kiss Me Baby" | Paul Clarence | Stone Agate Music |
| "Lois" | Paul Clarence | Stone Agate Music |
| "Love and Understanding" | Paul Clarence | Stone Agate Music |
| "Loving And Affection" | Paul Clarence | Stone Agate Music |
| "Man With the Rock and Roll Banjo Band" | Paul Clarence | Stone Agate Music |
| "May Heaven Bless You" | Paul Clarence | EMI Longitude Music |
| "Motown Express" | Paul Clarence | Stone Agate Music |
| "Music Talk" | Paul Clarence | Stone Agate Music |
| "My Baby Gave Me Another Chance" | Paul Clarence | Stone Agate Music |
| "My Daily Prayer" | Paul Clarence | Stone Agate Music |
| "One Summer Day" | Paul Clarence | Stone Agate Music |
| "Pearl" | Paul Clarence | Stone Agate Music |
| "Purple Snowflakes" | Paul Clarence | Motown |

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

| "Pretty Little Angel" | Paul Clarence | Stone Agate Music |
|---|---|---|
| "Session No 112" | Paul Clarence | Stone Agate Music |
| "She Started Something" | Paul Clarence | Stone Agate Music |
| "Square" | Paul Clarence | Stone Agate Music |
| "Stevie's Tune" | Paul Clarence | Stone Agate Music |
| "Sunset" | Paul Clarence | Stone Agate Music |
| "Talking Bout Hey Love" | Paul Clarence | Stone Agate Music |
| "They Say You Don't Care" | Paul Clarence | Stone Agate Music |
| "Thinking About You" | Paul Clarence | Stone Agate Music |
| "Thinking Of You" | Paul Clarence | Stone Agate Music |
| "Until You Come Back To Me (That's What I'm Gonna Do)" performed by Aretha Franklin, Luther Vandross, Stevie Wonder and Johnny Mathis | Paul Clarence | Stone Agate Music |
| "Walk Soft" | Paul Clarence | Stone Agate Music |
| "Way I Feel About You" | Paul Clarence | Stone Agate Music |
| "Weak Spot In My Heart" | Paul Clarence | Stone Agate Music |
| "What Else Is There To Do But Think About You" | Paul Clarence | Stone Agate Music |
| "What Makes Me So Weak For You" | Paul Clarence | Stone Agate Music |
| "When I Need You" | Paul Clarence | Stone Agate Music |
| "While I'm Away" | Paul Clarence | Stone Agate Music |
| "Without Your Sweet Lovin" | Paul Clarence | Stone Agate Music |
| "Wondering" | Paul Clarence | Stone Agate Music |
| "You Stay On My Mind" | Paul Clarence | Stone Agate Music |
| "You're the One for Me" | Paul Clarence | Stone Agate Music |

43.     Further investigation in 2022 by Potter revealed that defendants UMG and/or UMP also erroneously omitted approximately thirty-seven (37) Stevie Wonder recordings produced by Paul ("Omitted UMG/UMP works") from Paul's UMG/UMP accounts and, thus, failed to collect, account, and pay producer royalties to Potter and Paul's estate from these accounts.

44.     The complete list of all thirty-seven (37) omitted works recorded by Stevie Wonder and produced by Clarence Paul but incorrectly excluded from

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Potter's/Paul's estate's UMG/UMP catalog and, thus, royalty payments and

statements are below in Table 2:

## TABLE 2

| # | Title | Release |
|---|-------|---------|
| 1 | "Bam" | The Jazz Soul of Little Stevie |
| 2 | "Come Back Baby" | Tribute To Uncle Ray |
| 3 | "Don't You Know" | Tribute To Uncle Ray |
| 4 | "Dream" | With A Song In My Heart |
| 5 | "Drown In My Tears" | Tribute To Uncle Ray |
| 6 | "Frankie and Johnny" | Tribute To Uncle Ray |
| 7 | "Get Happy" | With A Song In My Heart |
| 8 | "Give Your Heart A Chance" | With A Song In My Heart |
| 9 | "Hallelujah I Love Her So" | Tribute To Uncle Ray |
| 10 | "I Call it Pretty Music, But the Old People Call it the Bl" | Single (Tamla 54061) |
| 11 | "I want My Baby Back" | Up Tight |
| 12 | "La La La La La" | Single (Tamla 54070) |
| 13 | "Love A Go Go" | Up Tight |
| 14 | "Make Someone Happy" | With A Song In My Heart |
| 15 | "Manhattan At Six" | The Jazz Soul of Little Stevie |
| 16 | "Mary Ann" | Tribute To Uncle Ray |
| 17 | "Monkey Talk" | Sinlge (Tamla 54086) |
| 18 | "My Baby's Gone" | Tribute To Uncle Ray |
| 19 | "On the Sunny Side of the Street" | With A Song In My Heart |
| 20 | "Paulsby" | The Jazz Soul of Little Stevie |
| 21 | "Purple Rain Drops" | Single (Tamla 54124) |
| 22 | "Put On A Happy Face" | With A Song In My Heart |
| 23 | "Session Number 112" | The Jazz Soul of Little Stevie |
| 24 | "Smile" | With A Song In My Heart |
| 25 | "Some Other Time" | The Jazz Soul of Little Stevie |
| 26 | "Soul Bongo" | The Jazz Soul of Little Stevie |
| 27 | "Square" | The Jazz Soul of Little Stevie |
| 28 | "Sunset" | Single (Tamla 54074) |
| 29 | "Tears In Vain" | Single (Tamla 54108) |
| 30 | "Thank You (For Loving Me All The Way)" | Single (Tamla 54090) |
| 31 | "Thank You Love" | Best Rarities of Stevie Wonder Vol. 3 |
| 32 | "The Masquerade" | Tribute To Uncle Ray |
| 33 | "Until You Come Back To Me (That's What I'm Going To Do" | Best Rarities of Stevie Wonder Vol. 3 |
| 34 | "When You Wish Upon A Star" | With A Song In My Heart |
| 35 | "With A Song In My Heart" | With A Song In My Heart |
| 36 | "Without A Song" | With A Song In My Heart |
| 37 | "Wondering" | The Jazz Soul of Little Stevie |

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY
TRIAL

18

45.     Further, Motown credited Paul as the producer on all of the original releases of the early 60's Stevie Wonder recordings, as well as on recent subsequent reissues. An example of Paul being credited as a producer on the original vinyl copy of "Littie Stevie Wonder's" "La La La La La" is below:



46.     Upon information and belief, Defendants UMG and/or UMP also failed to properly and accurately pay writing and/or producer royalties to Paul himself and Paul's estate, including Potter, on these omitted UMG/UMP works dating back to their respective creation, Paul's death in 1995, and/or Jeffrey's death in 2018 to the present.

47.     Upon information and belief, Defendants UMG and/or UMP also failed to properly and accurately collect, account, any pay writing and/or producer royalties for Paul's musical works to Paul and/or Potter and Paul's estate that were included in Defendants UMG and/or UMP's catalog. To the extent that such is the case, Potter, as 1/6th of Paul's estate seeks an accounting and payment of all royalties due to Paul and his estate from Defendants UMG and/or UMP's catalog for all of Paul's included and omitted musical works.

48.     Through continuing to exploit Paul's musical works without accurate collection, accounting, and payment of royalties, Defendants, and each of them, are engaging in continuing copyright infringement to Potter's damage.

49.     Despite Sony Music providing statements showing that Potter is entitled to payments of royalties, Sony Music would not send or transfer the monies for the payments, would fail to respond to inquiries regarding the same, and/or would promise to pay and then not pay.

50.     By this action, Plaintiff seeks judgment: (a) Declaring that Defendants' unauthorized continuing to exploit Paul's musical works without accurate collection, accounting, and payment of royalties willfully infringed Paul's and Potter's copyright interests in and to the musical works in violation of the U.S. Copyright Act; (b) For a preliminary and permanent injunction enjoining Defendants and their respective agents, employees, officers and directors,

---

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therewith, from further infringement of Plaintiff's copyrights until an accurate accounting and payment of all royalties due to Paul and Plaintiff for the musical works are completed; (c) Awarding Plaintiff, at her election, either (i) actual damages and the profits derived by Defendants as a result of their infringing activities, pursuant to 17 U.S.C. § 504(b), or (ii) statutory damages in the maximum amount with respect to the Composition, pursuant to 17 U.S.C. § 504(c); (d) For an accounting, the imposition of a constructive trust, restitution, and disgorgement of Defendants' unlawful profits and benefits obtained as a result of their infringement according to proof; (e) For a judgment and finding that Defendants committed financial elder abuse of Plaintiff through their taking, obtaining, and/or retaining of financial profits and royalties due to Plaintiff despite Plaintiff's repeated efforts to inquire as to and obtain such royalties that are due her and Paul's estate; (f) Punitive and exemplary damages in such amount as may be awarded at trial; (g) For prejudgment interest according to law; and (h) Awarding Plaintiff her attorneys' fees and full costs pursuant to 17 U.S.C. §505.

///

///

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### FIRST CAUSE OF ACTION

### Copyright Infringement

### (Potter against all Defendants)

51.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-50, inclusive, as if fully set forth herein.

52.     By continuing to exploit Paul's musical works without accurate collection, accounting, and payment of writer and/or producer royalties to Potter as $1/6^{th}$ of Paul's estate in exchange for their exclusive rights to serve as owners, publishers, licensors, and/or administrators of the copyrights to Paul's musical works, Defendants, and each of them, are engaging in continuing copyright infringement to Potter's past and ongoing damage in an amount according to proof at trial.

53.     Potter did not authorize, license or consent to Defendants' use and exploitation of the musical works without collection, accounting, and payment of royalties to Potter as a member of Paul's estate, which constitutes an infringement of Plaintiff's copyright, which was passed to Potter.

54.     Defendants had access to Paul's musical works and intentionally and knowingly infringed the copyrights thereto as herein alleged for the purpose of their own financial gain and without accounting to or payment of royalties to Potter.

55.    Upon information and belief, Defendants have collected fees and royalties from the exploitation of the musical works, including the omitted Sony Music and UMG/UMP works, and Defendants have unlawfully retained a portion of those fees and royalties without submitting any amount to Potter.

56.    Potter is entitled to an injunction enjoining Defendants and their agents, employees, and all other persons in active concert or privity or in participation with them, from directly or indirectly infringing on Plaintiff's copyright in the musical works or from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived, copied, and/or sampled from the musical works, in whatever medium, or to participate or assist in any such activity.

57.    Defendants' conduct, including infringement, has been, and continues to be, willful and knowing and with utter and reckless disregard for Plaintiff's rights, and, as such, Defendants' direct and willful acts of infringement entitle Plaintiff to recover damages from Defendants pursuant to *17 U.S.C. § 504.*

58.    Accordingly, Plaintiff is also entitled to compensatory and/or statutory damages in an amount to be determined at trial, in addition to punitive damages, interest, costs and a statutory award of attorneys' fees.

59.    Plaintiff does not have an adequate remedy at law for Defendants' wrongful conduct in that (i) Plaintiff's copyright in Paul's musical works is unique

and valuable property which has no readily determinable market value; (ii) the infringement by the Defendants constitutes an interference with Plaintiff' inheritance, goodwill and professional reputation therefrom or associated with Paul; and (iii) Defendants' wrongful conduct, and the damages resulting to Plaintiff therefrom, is continuing. Defendants' use of copyright infringement has caused Plaintiff irreparable injury, and Defendants continue to commit these acts.

60.     By reason of the foregoing acts of copyright infringement, Plaintiff is entitled to a permanent injunction enjoining Defendants from continuing the aforesaid acts of infringement pursuant to the Copyright Act, *17 U.S.C. § 502.*

61.     By reason of the foregoing acts of copyright infringement, Plaintiff is entitled to actual damages including all profits reaped by the Defendants as a result of their infringement pursuant to the Copyright Act, *17 U.S.C. § 504.* Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to *17 U.S.C. §504(c)* for each infringement. Therefore, Plaintiff demands an accounting to ascertain such profits.

62.     Pursuant to 17 U.S.C. § 505, Plaintiff is also entitled to her costs and attorney's fees.

///

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## SECOND CAUSE OF ACTION

### Breach of Contract

### (Potter against all Defendants)

63.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-62, inclusive, as if fully set forth herein.

64.     During Paul's life and career, Defendants SONY MUSIC, UMG, UMP, and/or BMI and DOES 1-10 became publishers of Paul's musical works with the legal, contractual (either in writing or implied in fact through conduct), and moral duties and obligations to monitor the exploitation of Paul's musical works, collect, account, and pay royalties to Paul and his future heirs as consideration for the right to serve as publishers for Paul's musical works and be paid therefrom.

65.     Upon information and belief, Defendants UMG/UMP failed to pay Paul and Paul's estate, including Potter, royalties due for Paul's production of the early '60s Stevie Wonder recordings referenced herein as omitted UMG/UMP works.

66.     Upon information and belief, Defendants Sony Music and BMI also failed to pay Paul and Paul's estate, including Potter, royalties due for Paul's production of the early '60s Stevie Wonder recordings referenced herein as omitted UMG/UMP works and omitted Sony Music Works.

67.    By continuing to exploit Paul's musical works without accurate collection, accounting, and payment of royalties to Potter and Paul's estate in exchange for the copyrights to the musical works, Defendants, and each of them, have materially breached their contractual duties and obligations to Potter's damage.

68.    Upon information and belief, Defendants are in possession of the original written contracts establishing the aforementioned duties and obligations.

69.    In the alternative, and upon information and belief, Defendants, and each of them, engaged in conduct establishing a contract that is implied in fact and/or conduct under existing black letter law. *Stillwater Ltd. v. Basilotta*, 2019 WL 1960277 (C.D. Cal 2019)(*citing* 3 Nimmer on Copyright § 10.03) ("oral evidence as to the fact of a written conveyance will be admissible."); *Softkeepers v. Regal West Corporation, et. al.*, 2019 WL 4418819, *6 (C.D. Cal 2019)(existence of agreements shown with other competent evidence); *Archie Comics v. DeCarlo*, 258 F. Supp. 315, n. 90 (S.D.N.Y. 2003)(Kaplan, J.)(Where, as here, the original instrument has been lost, its contents may be proved by other evidence.); *Tolliver v. McCants*, 2009 WL 1473445, n. 3 (S.D.N.Y. 2009)(Keenan, J.).

70.    Upon information and belief, discovery will reveal that Defendants and others with knowledge relevant to this litigation will possess competent evidence of the existence of their herein alleged contractual duties and obligations

to Paul and his estate. Upon information and belief, Paul was originally paid

royalties on the omitted UMG/UMP works and the omitted Sony Music Works

from Motown until Defendants later assumed these contractual obligations but

failed or refused to fulfill the obligations.

71.    Plaintiff has been damaged as a direct and proximate result of

Defendants' material breach of their contractual duties as alleged herein in an

amount according to proof at trial.

### THIRD CAUSE OF ACTION

**Financial Elder Abuse (Cal. Penal Code § 368(d), (e) & Cal. Welf. and Inst.**

**Code § 15610.30)**

**(Against All Defendants)**

72.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1-

70, inclusive, as if fully set forth herein.

73.    Plaintiff is a member of a class protected from financial abuse under

both Cal. Penal Code 368 *et. seq*. & Cal. Welf. and Inst. Code § 15610.30 *et. seq*.

74.    California Penal Code § 368(g) defines "elder" as a person who is 65

years of age or older. Defendants know or should know that Plaintiff is 65 years of

age or older.

75.    California Penal Code § 368(d)(1) states, "A person who is not a

caretaker who violates any provision of law proscribing theft, embezzlement,

forgery, or fraud, or who violates Section 530.5 proscribing identity theft, with respect to the property or personal identifying information of an elder or a dependent adult, and who knows or reasonably should know that the victim is an elder or a dependent adult, is punishable as follows:

> (1) By a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in a county jail not exceeding one year, or by both that fine and imprisonment, or by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years, or by both that fine and imprisonment, when the moneys, labor, goods, services, or real or personal property taken or obtained is of a value exceeding nine hundred fifty dollars ($950)."

76.    California Welfare and Institutions ("W&C") Code § 15610.30 (a)(1) and (2) state, "'Financial abuse' of an elder or dependent adult occurs when a person or entity does any of the following:

> (1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

(2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both."

77.    California W&C § 15610.30 (b) states, "A person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult."

78.    California W&C § 15610.30 (c) states, "For purposes of this section, a person or entity takes, secretes, appropriates, obtains, or retains real or personal property when an elder or dependent adult is deprived of any property right, including by means of an agreement, donative transfer, or testamentary bequest, regardless of whether the property is held directly or by a representative of an elder or dependent adult."

79.    California W&C § 15610.30 (d)(1) and (2) state, "For purposes of this section, "representative" means a person or entity that is either of the following:

(1) A conservator, trustee, or other representative of the estate of an elder or dependent adult.

(2) An attorney-in-fact of an elder or dependent adult who acts within the authority of the power of attorney."

80.    Defendants are not Plaintiff's "caretaker." Even so, Defendants are not required to be Plaintiff's "caretaker" under Cal. Penal Code § 368(d)(1). Further, Defendants are *de facto* "representatives" under Cal. W&C § 15610.30 (d)(1) and/or (2) as it relates to Defendants' sole authority to administer the monitoring, accounting, collection, and distribution of Paul's musical works to Paul's estate, including Potter.

81.    Through Defendants' aforementioned conduct, refusal to respond to Plaintiff's herein inquiries and reasonable requests, and refusal to rectify clear financial, accounting, and royalty payment errors on their part that continue to directly and proximately cause damage to Plaintiff's financial interests, Defendants are committing or allowing a "theft, embezzlement, forgery, or fraud" to be committed against Plaintiff, an elder, with respect to Plaintiff's property and financial interests under California Penal Code § 368(d).

82.    Through Defendants' aforementioned conduct as Potter's "representative," refusal to respond to Plaintiff's herein inquiries and reasonable requests, and refusal to rectify clear financial, accounting, and royalty payment errors on their part that continue to directly and proximately cause damage Plaintiff's financial interests, Defendants are committing or allowing the "takes,

secretes, appropriates, obtains, or retains real or personal property of an elder" to occur under Cal. W&C § 15610.30(b) and (c).

83.    As an elder, Plaintiff is being damaged as a direct and proximate result of Defendants' herein alleged elder financial abuse in an amount according to proof at trial.

84.    Plaintiff is entitled to and hereby requests treble damages, compensatory damages, punitive damages, restitution, injunctive relief, reasonable costs and attorney's fees, and that the Court impose any and all applicable fines and fees as deemed appropriate against Defendants under Cal. Civ. Code § 3345.

## FOURTH CLAIM FOR RELIEF

### Accounting

### (Against All Defendants)

85.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1-83, inclusive, as if fully set forth herein.

86.    Under the herein causes of action, Plaintiff may recover any and all profits of Defendants that are attributable to Defendants' copyright infringement, breach of contract, financial collection, accounting, and royalty payment errors from the exploitation of Paul's musical works that continue to directly and proximately cause damage to Plaintiff.

87.     Accordingly, Plaintiff is entitled to a full accounting of all net profits received by Defendants in connection with the herein alleged infringement action, material breaches of contract, and financial elder abuse.

88.     Accordingly, due to the abovementioned violations of federal, state, and common law, Plaintiff demands that the Defendants render an accounting to ascertain the full amount of such profits which have been realized to such violations.

89.     As a direct and proximate result of the Defendants' copyright infringement, breach, of contract, and financial elder abuse, Plaintiff has been damaged, and Defendants have been unjustly enriched, in an amount to be proven at trial for which damages and/or restitution and disgorgement are appropriate.

90.     Such damages and/or restitution and disgorgement should include a declaration by this Court that Defendants, and each of them, are constructive trustees for the benefit of Plaintiff and order that Defendants convey to the Plaintiff all gross receipts and benefits received or to be received that are attributable to the infringement of the musical works

91.     The exact amount of money due from Defendants is unknown to Plaintiff, and can only be ascertained through a comprehensive forensic accounting of Defendants' books and accounting statements regarding the exploitation of Paul's musical works.

### FIFTH CLAIM FOR RELIEF

**Declaratory Relief**

**(Against All Defendants)**

92.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1-90, inclusive, as if fully set forth herein.

93.    As alleged herein, a justiciable controversy exists between the parties.

94.    A judicial declaration is necessary to determine the rights and obligations of the parties.

95.    As a result, Plaintiff seeks declaratory judgment that

(a)    Through Defendants failure to monitor, collect, account, and pay royalties on Paul's musical works to Potter, Defendants have infringed on Plaintiff's copyright interest in Paul's musical works as heir to $1/6^{th}$ of Paul's estate;

(b)    That any further exploitation of the musical works and failure to monitor, collect, account, and pay royalties on Paul's musical works to Potter constitutes willful copyright infringement;

(c)    That Defendants have materially breached their contractual obligations to monitor, collect, account, and pay royalties on Paul's musical works to Potter and Paul's estate;

(d)    That Defendants must account for and disgorge to Plaintiff her share of all monies collected and retained by them as a result of Defendants' infringing and materially breaching activities regarding the musical works, including amounts erroneously never accounted for and paid to Paul, any derivative works thereof, and any sync and mechanical license fees paid.

///

///

///

///

///

///

///

///

///

///

///

///

///

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests entry of judgment in her favor and against Defendants, jointly and severally, as follows and/or a jury trial:

A.  Determining that Defendants have infringed on Plaintiff's copyright interests in the musical works through a failure to pay royalties;

B.  That Defendants, and their agents, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing on Plaintiff's copyright in the musical works or from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived, copied, and/or sampled from the subject musical works in whatever medium, or to participate or assist in any such activity until a full accounting and distribution of royalties to Potter and Paul's estate for the exploitation of the musical works, including all omitted works, occurs;

C.  That judgment be entered in favor of Plaintiff and against Defendants for the actual damages suffered by Plaintiff and for any royalties or profits attributable to the infringements of Plaintiff's copyright in the musical works, the amount of which, at present, cannot be fully ascertained;

D.   That judgment be entered in favor of Plaintiff and against Defendants for statutory damages based on Defendants' acts of infringement, pursuant to 17 U.S.C. § 504;

E.   That all gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff;

F.   That Defendants be ordered to furnish to Plaintiff a complete and accurate accounting of all profits earned in connection with their exploitation and duties to act as publishers of the musical works;

G.   That judgment be entered in favor of Plaintiff and against Defendants for punitive damages for their willful disregard of Plaintiff's rights;

H.   That judgment be entered against Defendants for Plaintiff's costs, litigation expenses, and reasonable attorneys' fees pursuant to 17 U.S.C. §§ 101, *et seq.;*

I.   That Defendants be ordered to pay treble damages, compensatory damages, punitive damages, restitution, injunctive relief, reasonable costs and attorney's fees, and that the Court impose any and all applicable fines and fees as deemed appropriate against Defendants under Cal. Civ. Code § 3345;

J.   For statutory damages;

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

K.    For pre-judgment interest; and

L.    For such other and further relief as this Court deems just, proper, and equitable under the circumstances.

Dated: November 5, 2024                    **THE KIZZIE FIRM, APC**

By:    ___*/S/ Antonio K. Kizzie*_____
       **ANTONIO K. KIZZIE**
       Attorney for Plaintiff Barbara Potter, an individual

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

Dated: November 5, 2024          **THE KIZZIE FIRM, APC**

By:    _/S/ Antonio K. Kizzie_____
          **ANTONIO K. KIZZIE**
          Attorney for Plaintiff Barbara Potter, an
          individual